## SID JOHNSON V. THE STATE.

No. 9507.   Delivered November 18, 1925.

**Possessing Mash to Manufacture Intoxicating Liquor—Evidence—Held Sufficient.**

Where, on a trial for possessing mash for the purpose of manufacturing intoxicating liquor, it is shown that a barrel of mash was found in the house occupied by appellant, but owned by another person, and appellant claimed that he did not own the mash, did not put it in there and had nothing to do with it, this issue having been appropriately submitted in the court's charge to the jury, and having been solved against appellant, we are not authorized to disturb their verdict, and the cause is affirmed.

Appeal from the District Court of Kerr County. Tried below before the Hon. R. H. Burney, Judge.

Appeal from a conviction for possessing mash for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. S. Wheeless* and *S. E. Bomat,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kerr County of possessing mash for the purpose of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant was a negro who had entered upon and was occupying a house belonging to another party, in which house, when searched by officers, a barrel of mash was found. That same was mash is certified to positively by one witness and circumstantially by others. Appellant's only defense was that he did not put the mash there and had nothing to do with it. He testified that it was put there by another party. The court affirmatively instructed the jury that if they believed or had a reasonable doubt as to whether the mash was put there by said other party they should acquit. The jury solved this question against appellant. The record is before us without any bills of exception. The facts are substantially as above stated.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*